UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KEVIN GIBSON**                                :        **DOCKET NO. 2:17-cv-0845**

**VERSUS**                                      :        **UNASSIGNED DISTRICT JUDGE**

**NORTHROP GRUMMAN
SYSTEMS CORPORATION, ET AL.**                   :        **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss for Failure to State a Claim [doc. 26] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by defendant Aerotek, Inc. ("Aerotek"). Plaintiff Kevin Gibson opposes the motion and Aerotek has filed a reply. Docs. 35, 36.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons below, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED** and that all claims against Aerotek be **DISMISSED WITHOUT PREJUDICE**.

I.
BACKGROUND

This matter arises from injuries that Gibson allegedly suffered after he was exposed to toxic chemicals while working as an aircraft mechanic. Doc. 1, att. 1, pp. 1–2. He brought suit against Northrop Grumman Systems Corporation and Northrop Grumman Technical Services, Inc. (collectively "Northrop Grumman") in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. *Id.* at pp. 1–4. After Northrop Grumman removed the suit to this court [doc. 1],

Gibson was granted leave to file an amended complaint, by which he added as defendants Aerotek; AAR Aircraft Services, Inc.; and Landlocked Industries, LLC. Docs. 15, 16.

According to Gibson, Northrop Grumman subcontracted staffing to Aerotek, a staffing agency, which in turn employed Gibson as an aircraft mechanic for Northrop Grumman. Doc. 1, att. 1, p. 1; doc. 16, p. 2. Gibson asserts that he was sent to work in the presence of hazardous substances without any personal protective equipment ("PPE") or safety training, both of which Northrop Grumman promised to provide before he started. Doc. 1, att. 1, p. 2. Shortly thereafter, he alleges, high levels of toxic chemicals were discovered in his blood. *Id.* Thus, Gibson claims that he must undergo periodic medical monitoring, faces an increased risk of cancer, and has suffered nausea and psychological distress. *Id.* at p. 3. Through his amended petition, Gibson seeks to hold all of the defendants jointly liable for his exposure. Doc. 16.

Aerotek now moves to dismiss all claims against it. It alleges that, as Gibson's employer, it is immune from suit under the Louisiana Workers' Compensation Act, La. R.S. § 23:1020.1 *et seq.* ("LWCA"). Doc. 26, p. 1. Gibson opposes the motion. Doc. 35.

## II.
## LAW & ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct.

1955, 1974 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor will a complaint suffice if it tends naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (cleaned up). Instead, the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

Under the exclusivity provisions of the LWCA, an employee is generally forbidden from suing his employer work-related injuries. La. R.S. § 23:1032(A)(1)(a). However, the intentional act exception permits an employee to file suit when an injury was the result of an intentional act by the employer. *Id.* at § 23:1032(B). This exception is to be narrowly construed, and intent may only be found if the employer "knows that the consequences are certain, or substantially certain, to result from his act." *Reeves v. Structural Preserv. Sys.*, 731 So.2d 208, 211 (La. 1999); *White v. Monsanto Co.*, 585 So.2d 1205, 1208 (La. 1991).. "An employer's mere knowledge that [a condition] is dangerous and . . . creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement," nor is his "mere knowledge and appreciation of a risk." *Reeves*, 731 So.2d at 213 (cleaned up).

Aerotek asserts that Gibson's claims against it are barred under the LWCA because they arise out of an accidental injury which occurred during the course of his employment. It suggests that *Zuniga v. Masse Contracting, Inc.*, 290 F.Supp.3d 581 (E.D. La. 2017), is analogous to the

present case. There the plaintiffs alleged that "Defendants knew or should have known that the working conditions . . . would result in the injuries sustained and Defendants consciously chose to place Plaintiffs in harms [sic] way." *Zuniga*, 290 F.Supp.3d at 585. The court granted the defendants' Motion to Dismiss, holding that these allegations did not "rise to the level of substantially certain or inevitable" and noting that under Louisiana law, "knowingly allowing employees to be exposed to harmful work conditions does not constitute an intentional act." *Id.* Furthermore, the court emphasized, "Louisiana courts have . . . 'almost universally held that employers are not liable under the intentional act exception for violations of safety standards or for failing to provide safety equipment.'" *Id.* (quoting *Reeves*, 731 So.2d at 211). As the Louisiana Supreme Court demonstrated in *Reeves*, an employer's mere knowledge that failure to adhere to safety standards is dangerous and creates a high risk of injury is insufficient to show an intentional act. 731 So.2d at 211–12 (collecting cases). Instead, for cases involving violations of safety standards the intentional act exception has been reserved for especially egregious circumstances, such as where employers repeatedly expose an employee to a hazard despite knowing that the hazard had already caused that kind of injury. *Id.* at 212 (citing *Trahan v. Trans-Louisiana Gas Co.*, 618 So.2d 30 (La. Ct. App. 3d Cir. 1993) and *Wainwright v. Moreno's, Inc.*, 602 So.2d 734 (La. Ct. App. 3d Cir. 1992)).

Gibson has not alleged any facts relating to Aerotek's awareness of the dangers of the alleged failure to provide him with training or PPE. In his opposition he requests an opportunity to conduct adequate discovery based on his "[belief] that Aerotek knowingly and intentionally submitted him to this toxic exposure that caused his injuries" and asserts that the defense's motion is premature. Doc. 35, pp. 1–2. On the contrary, Gibson's joinder of Aerotek was premature, at best, based on his lack of any factual allegations to support this belief. He does not show that he

can set forth a basis for Aerotek's liability beyond what is precluded under the LWCA and related, well-established jurisprudence. Accordingly, he should not be allowed to keep a party in this suit while he conducts a fishing expedition to uncover a viable claim against it. However, the dismissal of his claims should be without prejudice to Gibson reasserting them in the event that he does discover a basis for Aerotek's liability under the intentional act exception.

### III.
#### CONCLUSION

For the reasons above **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 26] be **GRANTED** and that all claims against Aerotek be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 16th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE